**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Kelly J. Anderson, | Case No. 2:17-cv-01177-RFB-GWF |
| Plaintiff, | **ORDER** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Plaintiff Kelly J. Anderson's Motion for Reversal and/or Remand, ECF No. 13, and Defendant Nancy A. Berryhill's Cross-Motion to Affirm, ECF No. 22.

For the reasons discussed below, the Court finds that the ALJ's decision is not supported by substantial evidence. The Court grants Plaintiff's Motion for Remand and denies Defendant's Cross-Motion to Affirm.

## II. BACKGROUND

On January 7, 2014, Plaintiff completed an application for disability insurance benefits alleging disability since December 1, 2008. AR 22. Plaintiff was denied initially on February 19, 2014 and upon administrative reconsideration on June 19, 2014. AR 22. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and appeared on September 9, 2015. AR 22. In an opinion dated October 15, 2015, ALJ Barry H. Jenkins found Plaintiff not disabled. AR 25–32. The Appeals Council denied Plaintiff's request for review on February 27, 2017, rendering the ALJ's decision final. AR 1–4.

The ALJ followed the five-step sequential evaluation process for determining Social Security disability claims set forth at 20 C.F.R. § 404.1520(a)(4). At step one, that ALJ found that Plaintiff has not engaged in substantial gainful activity during the period from his alleged onset date (December 1, 2008) through his date last insured (December 31, 2012). AR 24. At step two, the ALJ found that Plaintiff has the following severe impairments: disorder of the lumbar spine with peripheral neuropathy, obesity, bipolar disorder, anxiety, and depression. AR 24. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment. AR 24–25.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), except that he can occasionally perform all postural activities (e.g. climb ramps or stairs, kneel, balance, bend, stoop, crouch, or crawl), but he can never climb ladders, ropes, or scaffolds, and he is limited to simple tasks typical of unskilled occupations with no production rate pace work. AR 26–29. The ALJ found at step four that Plaintiff was unable to perform any past relevant work. AR 29. At step five, the ALJ found that Plaintiff could perform jobs such as ticket taker (D.O.T. #344.667-010), stock checker, (D.O.T. #299.667-014), cashier II (D.O.T. #211.462-010), information clerk (D.O.T. #239.367-018), mail clerk (D.O.T. #209.687-026), routing clerk (D.O.T. #222.687-022), document preparer (D.O.T. #249.587-018), call out operator (D.O.T. #237.367-014), and election clerk (D.O.T. #205.367-030). AR 30–31.

### III.     LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable

person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id. When determining assigning weight and resolving conflicts in medical testimony, the 9th Circuit distinguishes the opinions of three types of physicians: (1) treating physicians; (2) examining physicians; (3) neither treating nor examining physicians. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The treating physician's opinion is generally entitled to more weight. Id. If a treating physician's opinion or ultimate conclusion is not contradicted by another physician, "it may be rejected only for 'clear and convincing' reasons." Id. However, when the treating physician's opinion is contradicted by another physician, the Commissioner may reject it by "providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." Id. A treating physician's opinion is still owed deference if contradicted and is often "entitled to the greatest weight . . . even when it does not meet the test for controlling weight." Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007). Because a treating physician has the greatest opportunity to observe and know the claimant as an individual, the ALJ should rely on the treating physician's opinion. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). However, the ALJ may reject conclusory opinions in the form of a checklist containing no explanations for the conclusions. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).

/ / /

When a treating physician's opinion is not assigned controlling weight, the ALJ considers specific factors in determining the appropriate weight to assign the opinion. Orn, 495 F.3d at 631. The factors include the length of the treatment relationship and frequency of examination; the nature and extent of the treatment relationship; the amount and quality of evidence supporting the medical opinion; the medical opinion's consistency with the record as a whole; the specialty of the physician providing the opinion; and, other factors which support or contradict the opinion. Id.; 10 C.F.R § 404.1527(c). The ALJ must provide a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and [make] findings" rather than state mere conclusions for dismissing the opinion of a treating physician. Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ errs when he fails to explicitly reject a medical opinion, fails to provide specific and legitimate reasons for crediting one medical opinion over another, ignores or rejects an opinion by offering boilerplate language, or assigns too little weight to an opinion without explanation for why another opinion is more persuasive. Garrison, 759 F.3d at 1012–13.

When determining the credibility of a claimant's testimony, the ALJ engages in a two-step analysis. Id. at 1014–15. First, the claimant must have presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter, 504 F.3d at 1035–36 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991)). The claimant does not need to produce evidence of the symptoms alleged or their severity, but she must show the impairments could reasonably cause some degree of the symptoms. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). Second, the ALJ determines the credibility of the claimant's testimony regarding the severity of her symptoms. Garrison, 759 F.3d at 1014–15. Unless affirmative evidence supports a finding of malingering, the ALJ may only reject the claimant's testimony by providing "specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d

at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step five. At step five, the ALJ determines based on the claimant's RFC whether the claimant can make an adjustment to substantial gainful work other than his past relevant work. 20 C.F.R. § 404.1520(g).

**IV. DISCUSSION**

**a. Treating Psychiatrist's Opinion**

The Court finds that the ALJ erred by failing to consider and appropriately weigh the opinion of treating psychiatrist Steven Shon, M.D. Dr. Shon treated Plaintiff several times in 2014 and 2015. He provided two Mental Impairment Questionnaires dated December 16, 2014 and July 29, 2015. Dr. Shon opined that Plaintiff suffers from several moderate-to-marked limitations which would interfere with Plaintiff's ability to work frequently, between one-third to two-thirds of an eight-hour workday. AR 475, 516. As Plaintiff identifies, the ALJ failed to include this treating physician's medical opinion in his evaluation of the record. The ALJ did not even mention Dr. Shon and failed to acknowledge his treatment of Plaintiff.

Defendant argues that the ALJ was not required to consider the opinion of Dr. Shon because Plaintiff did not begin seeing Dr. Shon until March 2014, over a year following Plaintiff's December 31, 2012 date last insured. But it is well established in this Circuit that "reports containing observations made after the period for disability are relevant to assess the claimant's disability. . . . It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988) (citations omitted); accord Lester, 81 F.3d at 832.

Such retroactive reports must be based on a pre-expiration condition. Id. In this case, medical records documenting mental health diagnoses date back to 2008, AR 365, and the ALJ found that Plaintiff's severe, medically determinable impairments through the date last insured include bipolar disorder and anxiety, AR 24. Shon's opinion is based on these same diagnoses. AR 475, 513. The ALJ was therefore not permitted to overlook without mention a treating

psychiatrist's medical opinion as to Plaintiff's limitations caused by these severe impairments, even where the opinion was rendered subsequent to Plaintiff's date last insured. Because Dr. Shon is a treating source and his medical opinion supports a finding of disability, this Court cannot and does not conclude that the error was inconsequential to the ALJ's finding of non-disability. Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015); Molina v. Astrue, 674 F.3d 1104, 1117 (9th Cir. 2012).

### b. Credibility Determination

The Court finds that the ALJ's basis for finding that Plaintiff's testimony merited limited credibility was based on legal error and not supported by substantial evidence. The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. The ALJ provided the following reasoning for finding that Plaintiff's credibility was diminished:

> The claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. Some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment. The undersigned finds the claimant's ability to participate in such activities diminishes the credibility of the claimant's allegations of functional limitations.

AR 27.

As the ALJ did not find evidence of malingering, the ALJ may only reject Plaintiff's testimony regarding the severity of his symptoms with ***specific, clear, and convincing reasons***. Garrison, 759 F.3d at 1014–15. "The clear and convincing standard is the most demanding required in Social Security cases." Id. at 1015 (quoting Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)). The ALJ must identify with specificity "what testimony is not credible and what evidence undermines the claimant's complaints." Lester, 81 F.3d at 834.

Here, the ALJ's reasoning was strictly boilerplate. The ALJ provided no specific, clear, and convincing reasons for finding that Plaintiff's credibility was diminished. Moreover,

1  substantial evidence does not support the conclusion that Plaintiff's activities – which include
2  "rarely" driving only to his doctor's appointments, cleaning the house, reading, watching
3  television, and keeping an eye on his grandchildren but not providing any care, AR 27, 49 – are
4  inconsistent with his allegations of disabling symptoms and limitations.  See Garrison, 759 F.3d
5  at 1016 ("[I]mpairments that would unquestionably preclude work and all the pressures of a
6  workplace environment will often be consistent with doing more than merely resting in bed all
7  day.").  The ALJ did not identify any specific inconsistency between the activities to which
8  Plaintiff testified and any objective evidence or other statement made by Plaintiff.  "Only if the
9  level of activity were inconsistent with Claimant's claimed limitations would these activities have
10 any bearing on Claimant's credibility."  Reddick, 157 F.3d at 722.  Because the ALJ did not
11 identify any such inconsistency with any specificity, the ALJ erred in concluding that Plaintiff's
12 credibility was diminished.

### c. Vocational Expert Hypothetical

Plaintiff lastly argues that the ALJ was required to incorporate his findings at step three, specifically with regard to Plaintiff's moderate limitations in concentration, persistence, and pace, in the RFC and in his hypotheticals posed to the vocational expert.  The ALJ's RFC and hypothetical to the vocational expert included a limitation to "simple tasks typical of unskilled occupations with no production rate pace work," which incorporates limitations in concentration, persistence, and pace.  AR 26, 80.  The Court does not find any published legal precedent in support of Plaintiff's theory that the ALJ's step three findings required a different RFC or vocational expert hypothetical.  The Court therefore does not find any legal error on this basis.

### d. Award of Benefits

The Ninth Circuit has established that where no outstanding issues need be resolved, and where the ALJ would be required to award benefits on the basis of the record if the claimant's testimony were credited, the Court will take the claimant's testimony as true and remand for an award of benefits.  Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1401 (9th Cir. 1988).  The Circuit has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;
> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and
> (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020 (9th Cir. 2014).

The Court finds that the record has been fully developed and further administrative proceedings would serve no useful purpose. The Court further finds that, for the reasons stated earlier in this order, the ALJ has failed to provide sufficient reasons for discounting the opinion of Plaintiff's treating psychiatrist and finding that Plaintiff's testimony merited diminished consideration. Lastly, the Court finds that if the improperly discredited evidence were credited as true, Plaintiff would be necessarily found disabled on remand. Plaintiff testified that every other month, "for a couple days to [ ] several weeks," he stays in his room and cannot engage in his daily activities. AR 68. He testified that he is "very anxious" and in "fight [or] flight" mode every time he is in public. AR 68, 69. This testimony is consistent with—and the award of benefits is supported by—Dr. Shon's findings that Plaintiff would experience moderate-to-marked limitations in several categories such as appropriate interactions with the public and responding appropriately to workplace changes, AR 475, 615, and, most importantly, that Plaintiff would likely be absent from work more than three times per month, AR 616. In this case, the vocational expert testified that a person who could be expected to miss more than three days of work a month would be precluded from competitive employment. AR 84. The Court finds, therefore, that Plaintiff's limitations as supported by substantial evidence preclude all work.

### V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reversal and/or Remand (ECF No. 13) is GRANTED and Defendant's Cross-Motion to Affirm (ECF No. 22) is DENIED.

**IT IS FURTHER ORDERED** that this matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for an award of benefits with an onset date of December 1, 2008.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Plaintiff, and against Defendant. The Clerk of Court is instructed to close the case.

**DATED** this 20th day of June, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**